UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HARRY VAN SHARP, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:08CV76 CDP |
| ) | |
| POWER LINE CONSULTANTS, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs are employees of defendant Power Line Consultants who are seeking federal overtime and state prevailing wages arising out of work that was performed under two contracts to rebuild certain sections of the city of Sikeston's overhead electrical lines. Among other entities, plaintiffs seek to hold the individual members of the Sikeston Board of Municipal Utilities, defendants Mike Moll, Steve Taylor, and Kenneth Barkett,[1] personally and severally liable for these claims under Mo. Rev. Stat. § 107.170. Moll, Taylor, and Barkett have moved to dismiss, arguing that the 1995 amendment to that statute shifted the burden for requiring the contractor to provide a payment bond from the board members to the

---

[1]Defendant George Swogger was also a member of the Sikeston Board of Municipal Utilites. Defendants filed a suggestion of death, and plaintiffs now indicate that they do not object to this Court dismissing the case as to Swogger. I will interpret this as a motion to dismiss and will dismiss Swogger from this suit.

public entity itself. I agree with plaintiffs that the 1995 amendment to the statute did not so alter its burden. As a result, I will deny the motion to dismiss.

Discussion

Defendants Moll, Taylor, and Barkett have moved to dismiss this case for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiffs. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level," not merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

Before the 1995 amendment of Mo. Rev. Stat. § 107.170, it was clearly established that individual board members became personally liable for losses where they had failed to require a payment bond as described in the statute. *Energy Masters Corp. v. Fulson*, 839 S.W.2d 665, 670 (Mo. Ct. App. 1992). The 1995 amendment to the statute did not change this. Although Moll, Taylor, and Barkett are correct that the section dealing with the duty to require a bond was

altered, this alteration merely makes the statute more readable.  It does not alter the duties placed upon Moll, Taylor, and Barkett.  The prior version of § 107.170 required "all officials, boards, commissions, commissioners, or agents of the state, or of any county, city, town, township, school, or road district in the state" to require a bond.  The amended version of the statute requires "all public entities" to require a bond, but it also adds a definition section that defines the term "public entity" to include all of the entities described in the prior version of the statute.

Moll, Taylor, and Barkett argue that because the new version only refers to "all public entities," it no longer allows for personal liability of individual board members.  This argument ignores the definition of "public entity" that was added by the 1995 amendment to § 107.170.  For the purposes of § 107.170, a "public entity" is defined as "any official, board , commission, or agency of this state or any county, city, town, township, school, road district or other political subdivision of this state."  Under the new version of § 107.170, all of the entities that had a duty to require a bond under the older version of the statute are included in the term "public entity."  As a result, I conclude that if they failed to required a bond as required by the statute, Moll, Taylor, and Barkett can be held liable under § 107.170.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of defendants Moll, Taylor, and Barkett [#17] is denied.

**IT IS FURTHER ORDERED** that plaintiffs' claims against defendant Swogger are dismissed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2008.